UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE HAYES,

       Petitioner,                                  Case No. 12-10098
                                                          Honorable Patrick J. Duggan

v.

DUNCAN MACLAREN,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS

I.

This is a habeas action brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Maurice Hayes ("Petitioner"), raises nine claims asserting that he is being held in violation of his constitutional rights. On September 17, 2007, Petitioner was convicted in the Circuit Court for Saginaw County, Michigan of second-degree murder, felon in possession of a firearm, carrying a concealed weapon, and felony-firearm. The matter presently is before the Court on Petitioner's motion to stay these habeas proceedings so that he may return to the state courts and exhaust a tenth claim alleging that newly discovered evidence establishes his innocence. For the reasons stated below, the Court denies Petitioner's motion.

II.

Following Petitioner's conviction, he filed a direct appeal in the Michigan Court of Appeals. The Court of Appeals affirmed in an unpublished opinion. *People v. Hayes*, No. 281998 (Mich. Ct. App. July 16, 2009). Petitioner subsequently filed an application for

leave to appeal in the Michigan Supreme Court, which the Court denied. Petitioner alleges that before his appeal of right became final, he filed a motion for relief from judgment in the trial court, raising several new claims. The trial court denied the motion by order dated February 8, 2011. Petitioner appealed this decision to the Michigan Court of Appeals, but the appellate court denied his application for leave to appeal. *People v. Hayes*, No. 302957 (Mich. Ct. App. April 19, 2011). Petitioner again appealed to the Michigan Supreme Court, but the Court denied him relief. *People v. Hayes*, No. 143027 (November 21, 2011).

Petitioner's present habeas application was filed on January 10, 2012.

III.

In his motion, Petitioner asserts that he discovered new evidence of his innocence while his state post-conviction review proceeding was pending in the state appellate courts. Specifically, Petitioner asserts that he obtained an affidavit from a witness stating Petitioner was not the perpetrator of the crimes. Petitioner states that he wishes to file a second motion for relief from judgment in the trial court raising this new claim. He requests that his habeas petition be stayed and held in abeyance so he can include the new claim in this action if he is unable to obtain relief in the state courts.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's

established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276, 125 S. Ct. 1528, 1534 (2005). "Stay and abeyance" is available only in "limited circumstances," such as where the one-year statute of limitations poses a concern and the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277, 125 S. Ct. at 1535.

Petitioner has not shown the need for a stay. First, the claim he seeks to raise in the state courts appears to be exhausted already. Second, he has not shown that the

one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern. The one-year limitations period does not begin to run until 90 days after the conclusion of direct appeal.  *See Jimenez v. Quarterman*, 555 U.S. 113, 120, 129 S. Ct. 681, 686 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333, 127 S. Ct. 1079, 1084 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on December 21, 2009, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90-days later, on March 21, 2009.  Before his conviction became final, however, Petitioner filed a state post-conviction proceeding that was pending in the state courts until November 21, 2011, when the Michigan Supreme Court denied his application for leave to appeal. This post-conviction proceeding tolled the limitations period under 28 U.S.C. § 2244(d)(2).  The instant action was filed on January 10, 2012. Thus, only a little over a month of the one-year period had expired when Petitioner instituted this action.

The time in which this case has been pending in federal court is not statutorily tolled.  *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period).  Nevertheless, such time is equitably tolled. *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral

actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Given that approximately eleven months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

IV.

For the above reasons, this Court finds a stay unnecessary and unwarranted.

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings. Should Petitioner wish to have the Court dismiss the present petition, which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**SO ORDERED**.

Dated: May 31, 2012                              s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Copy to:
Maurice Haynes, #534424
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221