UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE HAYES,

        Petitioner,                  Case No. 12-10098
                                        Honorable Patrick J. Duggan

v.

DUNCAN MACLAREN,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS**

I.

This is a habeas action brought pursuant to 28 U.S.C. § 2254. Michigan prisoner

Maurice Hayes ("Petitioner"), raises nine claims asserting that he is being held in

violation of his constitutional rights.  On September 17, 2007, Petitioner was convicted in

the Circuit Court for Saginaw County, Michigan of second-degree murder, felon in

possession of a firearm, carrying a concealed weapon, and felony-firearm. The matter

presently is before the Court on Petitioner's motion to stay these habeas proceedings so

that he may return to the state courts and exhaust a tenth claim alleging that newly

discovered evidence establishes his innocence. For the reasons stated below, the Court

denies Petitioner's motion.

II.

Following Petitioner's conviction, he filed a direct appeal in the Michigan Court of

Appeals.  The Court of Appeals affirmed in an unpublished opinion. *People v. Hayes*, No.

281998 (Mich. Ct. App. July 16, 2009).  Petitioner subsequently filed an application for

leave to appeal in the Michigan Supreme Court, which the Court denied.  Petitioner
alleges that before his appeal of right became final, he filed a motion for relief from
judgment in the trial court, raising several new claims. The trial court denied the motion
by order dated February 8, 2011. Petitioner appealed this decision to the Michigan Court
of Appeals, but the appellate court denied his application for leave to appeal. *People v.
Hayes*, No. 302957 (Mich. Ct. App. April 19, 2011). Petitioner again appealed to the
Michigan Supreme Court, but the Court denied him relief. *People v. Hayes*, No. 143027
(November 21, 2011).

Petitioner's present habeas application was filed on January 10, 2012.

III.

In his motion, Petitioner asserts that he discovered new evidence of his innocence
while his state post-conviction review proceeding was pending in the state appellate
courts. Specifically, Petitioner asserts that he obtained an affidavit from a witness stating
Petitioner was not the perpetrator of the crimes. Petitioner states that he wishes to file a
second motion for relief from judgment in the trial court raising this new claim. He
requests that his habeas petition be stayed and held in abeyance so he can include the new
claim in this action if he is unable to obtain relief in the state courts.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must
first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct.
1728, 1732 (1999) ("state prisoners must give the state courts one full fair opportunity to
resolve any constitutional issues by invoking one complete round of the State's

-2-

established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To

satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning

that the prisoner must have asserted both the factual and legal bases for the claims in the

state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Williams v.

Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). The claims must also be presented to the

state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir.

1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal

habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme

Court to satisfy the exhaustion requirement. *See Hafley v. Sowders*, 902 F.2d 480, 483

(6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition containing both exhausted

and unexhausted claims to allow a petitioner to present unexhausted claims to the state

courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544

U.S. 269, 276, 125 S. Ct. 1528, 1534 (2005). "Stay and abeyance" is available only in

"limited circumstances," such as where the one-year statute of limitations poses a concern

and the petitioner demonstrates "good cause" for the failure to exhaust state remedies

before proceeding in federal court, has not engaged in intentionally dilatory litigation

tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277, 125 S. Ct. at

1535.

Petitioner has not shown the need for a stay.  First, the claim he seeks to raise in

the state courts appears to be exhausted already.  Second, he has not shown that the

one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C.

§ 2244(d), poses a concern. The one-year limitations period does not begin to run until 90

days after the conclusion of direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113,

120, 129 S. Ct. 681, 686 (2009) (stating that a conviction becomes final when "the time

for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333, 127 S.

Ct. 1079, 1084 (2007). The Michigan Supreme Court denied Petitioner leave to appeal on

December 21, 2009, and the time for seeking a writ of certiorari with the United States

Supreme Court expired 90-days later, on March 21, 2009. Before his conviction became

final, however, Petitioner filed a state post-conviction proceeding that was pending in the

state courts until November 21, 2011, when the Michigan Supreme Court denied his

application for leave to appeal. This post-conviction proceeding tolled the limitations

period under 28 U.S.C. § 2244(d)(2). The instant action was filed on January 10, 2012.

Thus, only a little over a month of the one-year period had expired when Petitioner

instituted this action.

The time in which this case has been pending in federal court is not statutorily

tolled. *See Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120, 2129 (2001) (a

federal habeas petition is not an "application for State post-conviction or other collateral

review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the

limitations period). Nevertheless, such time is equitably tolled. *See, e.g., Johnson v.

Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will

also be tolled during the time in which any properly filed post-conviction or collateral

-4-

actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). Given that approximately eleven months of the one-year period remains, Petitioner has sufficient time to exhaust additional issues in the state courts and return to federal court should he wish to do so.

IV.

For the above reasons, this Court finds a stay unnecessary and unwarranted.

Accordingly, the Court **DENIES** Petitioner's motion for stay and abeyance of his habeas proceedings. Should Petitioner wish to have the Court dismiss the present petition, which contains only exhausted claims, so that he may pursue additional issues in the state courts, he may move for a non-prejudicial dismissal of his habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the pending petition.

**SO ORDERED**.

Dated: May 31, 2012                    s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copy to:
Maurice Haynes, #534424
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221